JUDGE KOELTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13 CV 3502**

------------------------------------------------------X
MARIA GUTIERREZ,

                Plaintiff,

-against-                    **COMPLAINT**

CITY OF NEW YORK, P.O.             **DEMAND FOR JURY TRIAL**
GAETANO FUNDARO, individually and
in his official capacity, P.O. MICHAEL
ERNST, individually and in his official
capacity, P.O.'s "JOHN DOE" # 1 – 12,
individually and in their official capacities
(the name "JOHN DOE" being fictitious,
As the true names are presently unknown),

                Defendant.
------------------------------------------------------X

Plaintiff, MARIA GUTIERREZ, by her attorneys, SIMON & MILNER, ESQS., complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MARIA GUTIERREZ is a 42 year old Hispanic American woman whose primary language is Spanish, residing in Bronx, New York, specifically at 645 Prospect Avenue, Apt. 210, Bronx, NY 10455.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, P.O. GAETANO FUNDARO, P.O. MICHAEL ERNST and P.O.'s JOHN DOE # 1-12, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by Defendant CITY OF NEW YORK.

## FACTS

12. At all times hereinafter mentioned, the Plaintiff MARIA GUTIERREZ acted in a lawful manner.

13. On August 1, 2010 at approximately 10:15 p.m., Plaintiff MARIA GUTIERREZ was a passenger in an automobile being lawfully operated by her son LUIS VERAS in the vicinity of Prospect Avenue and Dawson Avenue in the County of Bronx, State of New York when the defendant Police Officers unlawfully stopped the vehicle in which Plaintiff was a passenger.

14. Defendant P.O. GAETANO FUNDARO and P.O. JOHN DOE approached the vehicle in which Plaintiff was a passenger and requested drivers license and registration information for the driver of the said vehicle, LUIS VERAS.

15. Defendants wrongfully accused the driver, LUIS VERAS of running a red light and almost hitting the Defendant's police car.

16. At the intersection it was claimed that the driver ran a red light, no traffic light was installed.

17. Defendants returned to their police vehicle and returned to vehicle in which Plaintiff was a passenger approximately five (5) minutes later with an additional two (2) police officers, to wit, additional JOHN DOEs.

18. Defendants wrongfully and unlawfully issued a summons to the driver, LUIS VERAS for reckless driving.

19. The driver, LUIS VERAS said to the defendant Police Officers "I wasn't driving recklessly, there wasn't a traffic light, you guys ran the stop sign."

20. Defendants responded to the driver "Stop being a smartass."

21. The driver, with Plaintiff MARIA GUTIERREZ still in the passenger seat was permitted to drive away with the summons.

22. Almost immediately after pulling away from the curb defendants wrongfully and unlawfully initiated an additional traffic stop of the vehicle in which Plaintiff was a passenger.

23. Upon immediately pulling over to the curb, the original four (4) defendant police officers as well as an additional ten (10) police officers surrounded the vehicle in which Plaintiff was a passenger.

24. Defendant police officers stated to the driver "[f]or being a smartass now you're going to jail."

25. The driver of the vehicle partially rolled down his window and asked to speak to a sergeant at the scene and simultaneously dialed 911 as he was in fear for his life.

26. The defendant Police Officers responded, without permission or justification by discharging a large quantity of pepper spray or mace into the vehicle in which Plaintiff was a passenger for no legitimate reason, purpose or cause.

27. The pepper spray or mace was sprayed directly into the eyes of Plaintiff MARIA GUTIERREZ.

28. The pepper spray or mace caused MARIA GUTIERREZ to become temporarily blinded, disoriented, in fear for her life, unable to breathe and to suffer excruciating pain.

29. The defendant Police Officers then proceeded to, without permission or justification smash the drivers' side window of the vehicle in which Plaintiff was a passenger for no legitimate reason, purpose or cause.

30. The smashing of the window caused Plaintiff great fear and distress.

31. Subsequent to smashing the window, a defendant Police Officer, without permission or justification opened Plaintiff's passenger side door and forcefully removed her from the vehicle.

32. Subsequent to smashing the window, defendant Police Officers, without permission or justification opened the drivers' side door and forcefully removed the driver, LUIS VERAS from the vehicle, threw him to the ground, repeatedly beat him by punching and kicking him about his body and wrongfully and unlawfully charged him with reckless endangerment in the 2nd degree, resisting arrest, obstructing governmental administration in the 2nd degree, attempted assault in the 3rd degree, reckless driving (again), harassment in the 2nd degree, speeding, failure to signal a lane change, disobeyed pavement markings, moving from a lane unsafely, and unsafe start.

33. Plaintiff, upon being forcefully removed from the vehicle began to look for her son and was not permitted to look in the direction of her son.

34. Plaintiff, MARIA GUTIERREZ, upon questioning why her son was being arrested and what had either of them done wrong was mocked by defendant Police Officers for her accent and lack of understanding of the English language.

35. Plaintiff, MARIA GUTIERREZ was further taunted by the Defendant Police Officers who stated to her that "you will be able to give your son some company soon" (implying that she was going to jail along with him, for reasons unknown).

36. Plaintiff, MARIA GUTIERREZ was handcuffed by defendant Police Officers.

37. Plaintiff, MARIA GUTIERREZ was caused to be in pain as the handcuffs were applied too tightly.

38. Plaintiff, MARIA GUTIERREZ complained that the handcuffs were too tight but she was again mocked for her accent and lack of understanding of the English language.

39. Plaintiff, MARIA GUTIERREZ was then forcibly pushed into a police car by a defendant Police Officer forcibly pushing on the back of her head and forcibly and forcefully twisting her neck so as to cause pain.

40. Plaintiff was confined to the police car for a period of time.

41. Plaintiff did not consent to being confined to the Police car for any length of time.

42. Plaintiff was driven to the 41st precinct by defendant Police Officers.

43. Plaintiff was compelled to pose for mug shots at the 41st precinct.

44. Plaintiff, while still in handcuffs that were applied too tightly was taken to another room at the 41st precinct, seated on a bench and handcuffed to a rail.

45. Plaintiff was handcuffed to a rail in such a position that it caused her a great deal of pain.

46. After being handcuffed to a rail for approximately thirty (30) minutes, defendant P.O. GAETANO FUNDARO (who previously had mocked Defendant's inability to speak

English and acted as if he could not understand Spanish) began speaking to Plaintiff MARIA GUTIERREZ in Spanish and told her that she was going to receive a summons for disorderly conduct after they finished "paperwork."

47. None of the defendants ever explained to Plaintiff how it was she committed the offense of disorderly conduct and/or why she was being charged with disorderly conduct.

48. Plaintiff, MARIA GUTIERREZ was left handcuffed to the rail for an additional period of time in excess of one (1) hour waiting for "paperwork" to be completed.

49. Eventually, Plaintiff was issued Summons # 432817925-1 for Disorderly Conduct returnable at the Courthouse located at 215 E. 161st Street, Bronx, NY on October 1, 2010 at 9:30 a.m.

50. Subsequent to being issued the summons, Plaintiff was released from the 41st precinct without ever receiving an explanation as to what she did that constituted "disorderly conduct."

51. Plaintiff was handcuffed and imprisoned by Defendants without probable cause or justification.

52. During a significant portion of the Plaintiff's detention, a supervising officer sat in the same room as other defendant officers playing a guitar and acted as if no wrongs were being committed against the Plaintiff MARIA GUTIERREZ.

53. Defendant GAETANO FUNDARO initiated the said prosecution against Plaintiff with malice, and otherwise caused said prosecution to be commenced against Plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned unlawful arrest and detention of Plaintiff

MARIA GUTIERREZ as well as the unlawful arrest and detention of Plaintiff's son LUIS VERAS and to cover up the abuse of power and authority by the defendants.

54. The malicious prosecution compelled Plaintiff to return to court on October 1, 2010 when the purported charges filed against Plaintiff by the Defendants were dismissed and sealed in Bronx County Summons Appearance Part (S.A.P.).

55. Defendants JOHN DOE # 1 – 10 supervised defendants GAETANO FUNDARO and MICHAEL ERNST and approved of, oversaw, and otherwise participated in the arrest and prosecution of the Plaintiff.

56. The defendants JOHN DOE # 1 – 10 as well as GAETANO FUNDARO and MICHAEL ERNST participated in and/or failed to intervene in the illegal conduct described herein.

57. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the CITY OF NEW YORK, including without limitation, the inadequate screening, hiring, retraining, training, and supervising of its employees.

58. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims complaints filed with the NYPD's Internal Affairs Bureau, the CITY OF NEW YORK'S Civilian Complaint Review Board as well as the media) that many NYPD officers, including the defendants are insufficiently trained regarding the ramifications of falsification and the requirements for arrests.

59. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the Plaintiff's civil rights.

60. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion and disposition to be employed as police officers. Despite such notice, defendant CITY OF NEW YORK has retained these officers, and failed to adequately train and supervise them.

61. As a result of the foregoing, Plaintiff MARIA GUTIERREZ sustained, *inter alia*, physical injuries, emotional distress, embarrassment and humiliation and deprivation of her constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION (Deprivation of Rights under 42 U.S.C. §§ 1981 and 1983)

62. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "61" with the same force and effect as if fully set forth herein.

63. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

64. All of the aforementioned acts deprived Plaintiff MARIA GUTIERREZ, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. §§ 1981 and 1983.

65. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION (Malicious Abuse of Process under 42 U.S.C. § 1983)

73. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "72" with the same force and effect as if fully set forth herein.
74. Defendants issued criminal process against Plaintiff MARIA GUTIERREZ by causing her arrest and prosecution in the Bronx County Criminal Court.
75. Defendants caused Plaintiff MARIA GUTIERREZ to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority as well as the unlawful arrest of Plaintiff's son LUIS VERAS and Plaintiff's own arrest, and thereby violated Plaintiff's right to be free from malicious abuse of process.
76. As a result of the foregoing, Plaintiff MARIA GUTIERREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION (Malicious Prosecution under 42 U.S.C. 1983)

77. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "76" with the same force and effect as if fully set forth herein.

78. Defendants initiated, commenced and continued a malicious prosecution against Plaintiff MARIA GUTIERREZ.

79. Defendants caused Plaintiff MARIA GUTIERREZ to be prosecuted without any probable cause until the charges were dismissed on or about October 1, 2010.

80. As a result of the foregoing, Plaintiff MARIA GUTIERREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

81. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "80" with the same force and effect as if fully set forth herein.

82. The Defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment to the United States Constitution.

83. As a result of the foregoing, Plaintiff MARIA GUTIERREZ was deprived of her liberty and right to substantive due process, causing emotional and physical injuries.

84. As a result of the foregoing, Plaintiff MARIA GUTIERREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION (Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

85. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "84" with the same force and effect as if fully set forth herein.

86. The Defendants falsely arrested, and maliciously prosecuted Plaintiff MARIA GUTIERREZ because of the Plaintiff's national origin, and/or race, or otherwise failed to intervene to prevent such treatment committed in their presence by other NYPD Officers.

87. As a result of the foregoing, Plaintiff MARIA GUTIERREZ was deprived of her rights under the Equal Protection Clause of the United States Constitution.

88. As a result of the foregoing, Plaintiff MARIA GUTIERREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION (Failure to Intervene under 42 U.S.C. § 1983)

89. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendants had an affirmative duty to intervene on behalf of Plaintiff MARIA GUTIERREZ, whose constitutional rights were being violated in their presence by other defendant police officers.

91. The defendants failed to intervene to prevent the unlawful conduct described herein.

92. As a result of the foregoing, Plaintiff MARIA GUTIERREZ's liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

93. As a result of the foregoing, Plaintiff MARIA GUTIERREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION (Supervisory Liability under 42 U.S.C. § 1983)

94. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "93" with the same force and effect as if fully set forth herein.

95. The supervisory defendants personally caused Plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

96. As a result of the foregoing, Plaintiff MARIA GUTIERREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION (Municipal Liability under 42 U.S.C. § 1983)

97. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "96" with the same force and effect as if fully set forth herein.

98. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

99. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals or to otherwise cover up abuse of authority as well as to increase the number of arrests and summonses issue so that the individual defendant officers can meet their illegally established monthly quotas. In addition, the defendant CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiff MARIA GUTIERREZ's rights as described herein. As a result of the failure of the Defendant CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, Defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

100. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constitute deliberate

indifference to the safety, well-being and constitutional rights of Plaintiff MARIA GUTIERREZ.

101. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by Plaintiff MARIA GUTIERREZ as alleged herein.

102. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by Plaintiff MARIA GUTIERREZ as alleged herein.

103. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, Plaintiff MARIA GUTIERREZ was unlawfully arrested, illegally searched, illegally handcuffed and confined and maliciously prosecuted.

104. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiff MARIA GUTIERREZ's constitutional rights.

105. All of the foregoing acts by defendants deprived Plaintiff MARIA GUTIERREZ of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from false arrest/unlawful imprisonment;

    c. To be free from the failure to intervene;

    d. To be free from malicious prosecution;

     e. To be free from malicious abuse of process; and

     f. To receive equal protection under the law

106. As a result of the foregoing, Plaintiff MARIA GUTIERREZ is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

WHEREFORE, Plaintiff MARIA GUTIERREZ demands judgment and prays for the following relief, jointly and severally, against the Defendants:

    A. Full and fair compensatory damages in an amount to be determined by a jury;

    B. Punitive damages against the individually named defendants in an amount to be determined by a jury

    C. Reasonable attorney's fees and the costs and disbursements of this action; and

    D. Such other and further relief as appears just and proper.

Dated: May 1, 2013
       Valley Stream, New York

                                 SIMON & MILNER, ESQS.
                                 99 W. Hawthorne Avenue, Suite 308
                                 Valley Stream, NY 11580
                                 Tel. No. (516) 561-6622
                                 Fax No. (516) 561-6828

                                 By: _____
                                    ERIC M. MILNER, ESQ. (EM8232)
                                    Attorney for Plaintiff MARIA GUTIERREZ